**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Don RAMEY, Defendant,**

**Elwood Ramey, Movant–Appellant.**

No. 01–6547.

United States Court of Appeals, Sixth Circuit.

Nov. 5, 2002.

Before MERRITT and GILMAN, Circuit Judges, and TARNOW, District Judge.*

PER CURIAM.

In this case, Elwood Ramey appeals from a district court order denying his amended motion to set aside a final decree and order of forfeiture. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Appellant filed a $20,000 cash bond in the Johnson County, Kentucky Circuit Court on behalf of his brother, Don Ramey. The bond related to state charges brought against Don Ramey prior to the return of the federal indictments against Don Ramey. When the federal indictment was returned, it included counts of drug trafficking and Social Security fraud and mentioned the $20,000 as proceeds from the drug trafficking. After the state charges against Don Ramey were dropped, the $20,000 was seized from the Johnson Country Sheriff pursuant to a seizure warrant issued July 20, 2000.

When Don Ramey entered a guilty plea to the federal charges and agreed to forfeiture of his interest in the $20,000, the government published notice to third parties. On April 13, 2001, Elwood Ramey filed a claim to the $20,000 pursuant to the provisions of 21 U.S.C. § 853(n)(2), claiming a superior interest in the bond money. The parties conducted discovery and the ancillary hearing was held July 2, 2001.

At the conclusion of the hearing, Elwood Ramey's counsel requested permission to file a brief rather than make a closing statement. Instead of filing a brief, Elwood Ramey filed a motion for a new hearing, asserting that a witness at the previous hearing had offered perjured testimony. The government objected to the new hearing and moved to strike Elwood Ramey's claim based upon the evidence in the record. At that point, the district court issued an order striking Elwood Ramey's claim to the $20,000 bail money.

In the order dismissing Elwood Ramey's claim, the district court said only that "it is hereby ordered that the claimant's claim is stricken for lack of standing under 21 U.S.C. § 853(n)(6)." We are not clear as to the reason for this decision on standing. Perhaps it means that Elwood Ramey lacks standing because he has not suffered an injury-in-fact. However, the evidence is uncontested that Elwood Ramey put up the money, regardless of the source of the funds. The opinion of the district court contains no findings of fact or conclusions of law regarding why Elwood Ramey has no interest in the bail money and therefore lacks standing. We therefore REVERSE and REMAND with instructions that the district court make findings of fact and conclusions of law after conducting further proceedings, if necessary, to determine the source of the $20,000 bail money and exploring whether it should be forfeited.

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.